In the Matter of the Estate of SENATRO PANDOLFO, Deceased.

Surrogate's Court, Oneida County, February 15, 1929.

*Matteo Milazzo,* for the petitioner.

*Wilbur, Winslow & Bennison,* for Albert M. Dickinson, Oneida county treasurer.

EVANS, S. This decedent was a resident of the city of Utica and died in the town of Frankfort, Herkimer county, N. Y., on November 3, 1928. He left him surviving a widow and seven children in Italy, of which country the decedent was a subject.

The treasurer of Oneida county filed a petition, oath and bond for his appointment as administrator of this estate and he was duly appointed on November 15, 1928, and is now acting in that capacity.

On January 24, 1929, the Hon. Salvatore V. Martino, as Consular Agent for the Kingdom of Italy, located at Syracuse, N. Y., presented to this court his verified petition asking for his own appointment as administrator and for the revocation of letters of administration heretofore issued to the treasurer of Oneida county. The petitioner asserts that under treaty provisions between the United States and Italy he, as Consular Agent of the latter country, had administrative rights which are superior to those of the county treasurer.

The appointment of an administrator is regulated by section 118 of the Surrogate's Court Act, and under the circumstances here disclosed the grant of letters to the county treasurer was regular and proper.

The petitioner, however, in effect challenges the authority and power of the State to deprive him of this right that he contends is provided by treaty between the countries.

The question involved has received careful attention by the Court of Appeals and in so far as New York State is concerned, I think that the law is settled. (*Matter of D'Adamo,* 212 N. Y. 214.)

In that case the point involved here is exhaustively discussed. The conclusion reached is that preceding the appointment of an administrator, the Consul may take charge and conserve property of a deceased countryman and that such Consul may be appointed administrator where election is narrowed to the choice of " any other person," as provided by section 118 of the Surrogate's Court Act.

However, if any person designated in this section, having a prior right, is willing to act as administrator and does not waive the privilege, then such person must be appointed. Following a group of relatives, the county treasurer next becomes entitled and his right is superior to that of the Consul who is included among the group styled " any other person."

It follows the the petition must be denied, without costs. Decreed accordingly.